IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHUNG MOORE,

Plaintiff,

v.

HUBERT BRACE, et al.,

Defendants.                                               No. 17-0943-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is a May 16, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daly (Doc. 37). Magistrate Judge Daly recommends that the Court grant defendants Brace, Dunbar, Eoavaldi, Harris, Morris, Pelker and Welborn's motion to dismiss. The parties were allowed time to file objections to the Report. On June 5, 2018, Moore filed an objection to the Report (Doc. 38). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

Plaintiff Shung Moore brought this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the complaint, Moore claims that he was subjected to retaliation; was deprived of clothing, bedding, and necessary hygiene supplies, which aggravated a serious medical

condition; and was denied medical attention.1 On October 23, 2017, the Court screened Moore's complaint, found that some of Moore's survived review and (Doc. 8). Specifically, the Court found the following claims to survive:

Count 1: First Amendment retaliation claim against Brace, for causing Moore's clothing and bedding to be lost or destroyed on or about April 7, 2015, after Moore filed a grievance against Brace for excessive force;

Count 2: Eighth Amendment deliberate indifference claim against Eoavaldi, Morris, Welborn, Dunbar, Harris, Monje, Butler, and John Doe (Commissary Officer) for subjecting Moore to unsanitary conditions of confinement, by refusing or failing to replace Moore's clothing and bedding, refusing to give Moore disinfectant to clean his quarantine cell, and failing to provide Moore with person hygiene supplies or permit him to purchase them;

Count 3: Eighth Amendment deliberate indifference claim against Pelker and Eoavaldi for failing to summon medical care for Moore on April 14-15, 2015, despite being informed of Moore's severe painful facial swelling;

Count 4: Eighth Amendment deliberate indifference claim against Trost, Maciura, John Doe # 2 (doctor), and John Doe # 3 (medical official) for delaying and denying treatment for Moore's painful facial MRSA infection between April 10-15, 2015.

(Doc. 8)2.

---

1 For a thorough discussion of the allegations contained in the complaint see the Court's October 23, 2017 Memorandum and Order (Doc. 8)

Thereafter, defendants Brace, Dunbar, Eoavaldi, Harris, Morris, Pelker and Welborn moved to dismiss Counts 1, 2 and 3 arguing that these claims are barred by the statute of limitations (Doc. 34). The record reflects that Moore did not respond to the motion. Subsequently, on May 16, 2018, Magistrate Judge Daly, pursuant to 28 U.S.C. § 636(b)(1)(B), submitted the Report recommending that the Court grant defendants' motion to dismiss based on the statute of limitations (Doc. 37). The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" on or before June 4, 2018. Moore did file an objection to the Report (Doc. 38). Based on the record and the following, the Court adopts the Report in its entirety and grants defendants' motion to dismiss based on the statute of limitations.

## Analysis

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to

---

2 Count 5, a claim against Walls, Oakley, Butler, McCarty and Baldwin for mishandling and/or denying Moore's grievances over the denial and delay in obtaining medical care for his MRSA condition in April 2015 was dismissed for failure to state a claim.

which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Additionally, "[a]llegations of a *pro se* complaint are held 'to less stringent standards than formal pleadings draft by lawyers ... Accordingly, *pro se* complaints are liberally construed." *Alvarado v.*

*Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).

Although Section 1983 does not contain an express statute of limitations, it is well established in this Circuit that the appropriate statute of limitations period for Section 1983 cases is two years, as set forth in 735 ILCS § 5/13-202, which prescribes that actions for personal injury must be commenced within two years after the cause of action accrued. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citations omitted); *Wallace v. Kato*, 549 U.S. 384, 387 394 (2007); *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Pursuant to 735 ILCS 5/13-216, "[w]hen the commencement of an action is stayed by ... *statutory prohibition*, the time of the continuance of the ... prohibition is not part of the time limited for the commencement of the action" (emphasis added). Importantly, the Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies prior to filing suit under § 1983. *See* 42 U.S.C. § 1997(e)(a). Accordingly, the Seventh Circuit has held that a federal court relying on the Illinois statute of limitations in § 1983 cases *must* toll the limitations period while a prisoner completes the administrative grievance process. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001).

As to Count 1, Judge Daly found that Moore's cause of action accrued on April 8, 2015, but that Moore did not file his lawsuit until September 1, 2017, almost 5 months after the two year statute of limitations. Judge Daly, pursuant to

the dates in the complaint, found that Moore waited 95 days to file the grievance against Brace; that the statute of limitations was tolled while Moore attempted to grieve his complaints; and that the ARB returned the grievance on October 22, 2015. Thus, Judge Daly concluded that Moore waited a total of 775 days to file the complaint as to Count 1.

As to Count 2, Judge Daly found that Moore's cause of action accrued on May 13, 2015, but that Moore did not file his lawsuit until September 1, 2017. Judge Daly, utilizing the dates in the complaint, found that Moore waited 60 days to file a grievance as to this claim; that the statute of limitations was tolled while Moore attempted to grieve his complaints; and that the ARB returned the grievance on October 22, 2015. Thus, Judge Daly concluded that Moore waited a total of 740 days to file the complaint as to Count 2.

As to Count 3, Judge Daly found that Moore's cause of action accrued on April 15, 2015, but that Moore did not file his lawsuit until September 1, 2017. Judge Daly, again using the dates in the complaint, found that Moore waited 60 days to file a grievance as to this claim; that the statute of limitations was tolled while Moore attempted to grieve his complaints; and that the ARB returned the grievance on September 2, 2015. Thus, Judge Daly concluded that Moore waited a total of 790 days to file the complaint as to Count 3.

After *de* novo review, the Court finds that Magistrate Judge Daly was correct in her application of why Moore's claims are barred by the statute of limitations. The Court finds that Moore's objection merely takes umbrage with the findings and

conclusions in the Report. The record before the Court provides no reason for the Court to doubt Judge Daly's determination.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 37) and **GRANTS** defendants' motion to dismiss based on the statute of limitations. The Court **DISMISSES** with prejudice the claims in Counts 1, 2 and 3 of the complaint against defendants Brace, Eoavaldi, Morris, Welborn, Dunbar, Harris, John Doe # 1, and Pelker as time barred. The case shall proceed with the claim in Count 4 against defendants Trost, Maciura, John Doe # 2 and John Doe # 3.

**IT IS SO ORDERED.**

Judge Herndon
2018.06.11
14:11:55 -05'00'

**United States District Judge**