IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHUNG MOORE, <br><br> Plaintiff, <br><br> v. <br><br> AUGUSTA WILLIAMS, <br><br> Defendant. | Case No. 3:17-CV-943-NJR-RJD |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Report and Recommendation of Magistrate Judge Reona J. Daly (Doc. 105), in which she recommends the undersigned grant the Motion for Summary Judgment filed by Defendant Augusta Williams (Doc. 99). Plaintiff Shung Moore filed a timely objection to the Report and Recommendation (Doc. 110). For the reasons set forth below, the Court adopts Judge Daly's recommendation and grants Defendant's motion.

## BACKGROUND

Plaintiff Shung Moore filed this action under 42 U.S.C. § 1983 on September 1, 2017, alleging Defendants violated his constitutional rights while he was incarcerated at Menard Correctional Center (Doc. 1). After various Court orders, Moore is proceeding on one claim: that Defendant Williams was deliberately indifferent for delaying and denying treatment for his painful facial MRSA infection, in violation of the Eighth Amendment (Doc. 88).

On April 10, 2015, Moore submitted a slip to sick call regarding a potential MRSA

infection on his face (Doc. 104 at p. 3). On April 11, 2015, he tried to get Defendant Williams's attention as she walked by his cell, but she did not stop (*Id.* at p. 4). The following morning, however, Moore was examined by Williams (Doc. 99-1 at pp. 1-2; Doc. 104 at p. 4).[1] Moore requested antibiotics, pain medication, and antibacterial ointment, but Williams told him she was just looking him over (Doc. 104 at p. 4). Williams then contacted Dr. Trost, who prescribed Bactrim, an antibiotic, for 10 days (Doc. 99-1 at p. 2). Moore was scheduled to see a doctor or nurse again on April 13, 2015, but Moore's medical records note that he went to yard instead (*Id.*). Moore disputes that he went to yard and claims he was in his cell suffering from MRSA (Doc. 104 at p. 4). The medical note indicates Moore was to be recalled the following day on the doctor call line "as priority." (Doc. 99-1 at p. 2).

On April 14, 2015, and April 15, 2015, Moore was scheduled to see the doctor, but was not seen due to a lack of time (*Id.* at 3). On April 16, 2015, at 3 a.m., Moore was seen by RN Hanna for his diabetes (Doc. 104 at p. 5). Nurse Hanna asked why Moore was not taking his antibiotics, and Moore told her that nobody had given him any medication for his MRSA infection (*Id.*). Nurse Hanna informed Moore that Williams made an entry in his medical records indicating he received antibiotics and refused a doctor's appointment to go to yard (*Id.*). The nurse gave Moore a card of sulfa to be taken twice a day for 10 days (Doc. 99-1 at p. 4). Later that day, Dr. Trost examined Moore and found that the abscess was well drained (*Id.* at p. 5). Dr. Trost also prescribed Septra DS to be taken twice

---

[1] The Report and Recommendation states that Moore was seen twice on April 12, 2015, but it appears he was only examined once at 8:50 a.m. The second entry in his medical records is the nurse's notes regarding that exam (Doc. 99-1 at pp. 1-2).

a day for 10 days (*Id.*). The next day, April 17, 2015, Dr. Trost again saw Moore (*Id.*). Moore reported being in pain but feeling better (*Id.*). Dr. Trost prescribed ibuprofen 800 mg, gel shampoo, and hydrocerin lotion (*Id.*).

Williams has moved for summary judgment on Moore's claims of deliberate indifference, noting that Moore received prompt medical care. Within one day of his request to see the nurse, Williams saw Moore, called the doctor to obtain antibiotics, and made appointments for Moore to get treatment. Accordingly, no reasonable jury would find that she was deliberately indifferent to Moore's medical needs.

In response, Moore claims that when he saw Williams, he requested antibiotics, pain medication, and antibacterial ointment for his infection, but Williams told him he would have to ask the doctor for those things (Doc. 104). Moore asserts that Williams wrote in his medical chart that he had received an antibiotic when that was not actually the case. He also claims that Williams wrote that he skipped his doctor's appointment on April 13, 2015, in order to go to yard when actually he was in his cell suffering from a MRSA infection.

## THE REPORT AND RECOMMENDATION AND OBJECTION

In her Report and Recommendation, Judge Daly found that the evidence does not support Moore's claims regarding Defendant Williams. While Moore claims Williams documented that he received antibiotics, the medical records only reflect that Dr. Trost *prescribed* the Bactrim DS, not that Moore received the medication. Additionally, the medical records do not indicate that Williams wrote the entry regarding Moore skipping his appointment because the handwriting is different. Importantly, Williams examined

Moore the day after he first complained about his MRSA infection, she called the doctor, documented the order for oral antibiotics, and scheduled him to see the nurse practitioner the following day. There is no evidence Williams was responsible for any subsequent delays in Moore seeing a doctor or in receiving the antibiotics. And it is undisputed that Moore received the antibiotics within five days of his initial complaints to Williams. Accordingly, Judge Daly concluded that there is no evidence in the record that Williams was deliberately indifferent to Moore's MRSA infection.

Moore filed an objection to the Report and Recommendation on October 22, 2019 (Doc. 110). Moore first objects on the grounds that Judge Daly characterized his claim as one for "delaying" medical treatment rather than "delaying and denying" medical treatment. He asserts that while Williams and another nurse, RN Hanna, both observed his MRSA symptoms and were aware of his pain and suffering, only RN Hanna provided him with the antibiotic prescribed by Dr. Trost. Moore also claims he requested pain medication from Williams but was denied any medication. RN Hanna, on the other hand, gave him sulfa and an institutional bag of hygiene supplies.

Second, Moore objects on the grounds that Judge Daly improperly disregarded his Declaration in support of his response to summary judgment. Regardless of who wrote the entry in his medical records, Moore attested that he did not skip his doctor's appointment to go to yard. Thus, he argues, there is a genuine issue of material fact.

Third, Moore objects on the grounds that Judge Daly's findings of fact are erroneous. He states that the record provides no support for the finding that he was seen by a registered nurse for his MRSA infection at 12:10 p.m. Rather, the record is merely a

RN Note documenting his visit at 8:50 a.m., and it was written without him being present. Additionally, he was not seen the day following his complaint but rather two days after requesting to be examined for his MRSA infection. Moore also takes issue with Judge Daly's finding that Williams did not make the entry regarding his missing doctor appointment when Moore attested that RN Hanna told him Williams made that entry.

Finally, Moore objects to Judge Daly's conclusion that Williams provided adequate medical care under the Eighth Amendment when he began receiving antibiotics within five days of his initial complaint to Williams.

## LEGAL STANDARDS

When timely objections are filed, the Court must undertake *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all evidence contained in the record, give fresh consideration to those issues specifically objected to, and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Summary judgment is proper only if the moving party can demonstrate "there is

no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). S*ee also Ruffin Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *see also Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). But "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]" then a genuine dispute of material fact exists. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016).

A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

## DISCUSSION

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, a plaintiff must show first that his condition was "objectively, sufficiently serious" and second that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted).

"Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). While deliberate indifference is not medical malpractice, it can include "the intentional delay in access to medical care." *Arnett v. Webster*, 658 F.3d 742, 758 (7th Cir. 2011). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)).

To establish deliberate indifference, a plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653. "Even if a defendant recognizes the substantial risk, he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (quoting *Farmer*, 511 U.S. at 843).

For the purposes of summary judgment, and because Defendants make no argument to the contrary, the Court presumes that Moore's MRSA infection was an objectively, sufficiently serious medical need. The question, then, is whether Williams was deliberately indifferent to that serious medical need.

Based on the summary judgment record, the Court finds that she was not. Defendant Williams examined Moore at 8:50 a.m. the morning after she became aware that he requested medical attention (two days after Moore submitted a medical request slip). She took thorough notes regarding his infection, and noted his pain, tenderness, swelling, and redness. The next nurse's note, written at 12:10 p.m. that same day, states that Williams called Dr. Trost and informed him of Moore's condition. Dr. Trost prescribed Bactrim and directed that Moore be scheduled to see a doctor or nurse the following day, which he was. Moore himself stated that he was not present when the 12:10 p.m. note was written—that is, when Dr. Trost prescribed the Bactrim—so Williams could not have given it to him at that time.

Williams's failure to ensure Moore received his prescription amounts to, at most, medical negligence. *See Arnett*, 658 at 758 (finding that doctor's failure to investigate further when inmate informed doctor he had not received his medication amounted only to negligence). And even though Moore requested a pain reliever and an antibacterial ointment, Williams was not required to give it to him. *Id.* at 754 ("an inmate is not entitled to demand specific care"). There is simply no evidence in the record to support a finding that Williams intentionally or deliberately delayed or denied Moore's access to an antibiotic or other necessary medical care.

The remainder of Moore's objections are overruled. Moore claims there are issues of fact that prevent the entry of summary judgment, but the Court finds those issues are immaterial. Whether he saw the nurse twice on April 12, whether he saw the nurse one or two days after requesting medical attention (it was one day after specifically

requesting assistance from Williams), whether Williams or another nurse made the entry about Moore skipping his doctor's appointment, and whether Moore actually did skip his appointment to go to yard are all irrelevant to the ultimate question: whether Williams was deliberately indifferent for delaying or denying medical treatment for Moore's MRSA infection. Because no reasonable jury could find that she was, the Court agrees with Judge Daly that summary judgment should be granted in favor of Defendant Williams.

## CONCLUSION

For these reasons, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge Reona J. Daly (Doc. 105), **OVERRULES** the objection filed by Plaintiff Shung Moore (Doc. 110), and **GRANTS** the Motion for Summary Judgment filed by Defendant Augusta Williams (Doc. 99). Plaintiff shall recover nothing, and the Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

DATED: December 11, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**